**Silvio Antonio ISTRICE; Louis Istrice, Plaintiffs–Appellants,**

v.

**CITY OF SPARKS; Centex Real Estate Corporation; Diversified Development & Construction; Robert McDonald; Timothy McDonald, Defendants–Appellees.**

No. 99–17574.

D.C. No. CV–98–577–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2001.

Decided May 8, 2001.

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellants bring their claims pursuant to 42 U.S.C. § 1983. They allege that Appellees violated their procedural and substantive due process rights by unlawfully assessing an obligation on Appellants' property. To wit, Appellants allege that the City of Sparks (the "City"), in conjunction with the other Appellees, imposed a fee, or constructive lien, on Appellants' property for the widening of a storm drain and for the construction of a road adjacent to Appellants' property, all in excess of the City's jurisdiction.

The issue tendered to the district court was whether the statute of limitations had run on Appellants' claims. The complaint, filed in 1998, acknowledged that Appel-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

lants were aware of the City's attempt to impose an obligation on Appellants' property through a license agreement with Centex Real Estate Corporation ("Centex") as early as 1995. Thus, because this § 1983 action had to be brought within two years, the district court dismissed it as time-barred.

There is, however, a jurisdictional issue that must first be addressed. Appellants have not demonstrated that the agreement between the City and the other Appellees had any immediate economic impact on Appellants. That is so because the contemplated fees would be imposed on Appellants' property only if and when Appellants' property is annexed to the City. Thus, although both parties insist on arguing about lapsed limitations periods, the real concern is whether the case is ripe for adjudication.

We recognize that the ripeness issue was not fully developed by the parties either below or on appeal. Appellants cursorily hint at the ripeness issue in their brief by arguing that the statute of limitations on their claims could not have run because the "lien" was not statutorily authorized, and thus was never properly perfected. Appellees counter that we may not entertain such argument because it contradicts Appellants' complaint.

> However, because issues of ripeness involve, at least in part, the existence of a live "Case or Controversy," we cannot rely upon concessions of the parties and must determine whether the issues are ripe for decision in the "Case or Controversy" sense. Further, to the extent that questions of ripeness involve the exercise of judicial restraint from unnecessary decision of constitutional issues,

the Court must determine whether to exercise that restraint and cannot be bound by the wishes of the parties.

*Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 138, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974) (footnotes omitted).

■ Here, we conclude that the issues before the district court were not ripe. According to the record, no lien has yet been filed on Appellants' property. Appellants concede this point: "City, through the city council purportedly, through a License Agreement with Centex, on May 10, 1993, claims to have created a liability against Istrice and Istrice's property in the amount of $87,000 *when Istrice's property is annexed into the City of Sparks.*" (Emphasis added.) Thus, Appellants recognize that imposition of the obligation is wholly dependent upon annexation. The record supports this position; every relevant document in the record indicates that Appellants' obligation would only take effect upon annexation of their property.[1] The City's counsel agreed with this position.

At the time of the district court's decision, Appellants' property had not yet been annexed; thus, the obligation on their property had not yet been perfected. Consequently, all that existed was an agreement between the City and Centex, which may or may not ever have affected Appellants. After all, the City was under no legal obligation to annex Appellants' property. And, according to the representations of counsel for the City, had Appellants not desired to develop their property, that property would never have been annexed—thereby rendering any harm purely speculative.

---

1. Although all of the documents confirm that the obligation would not arise until annexation, Appellants' counsel indicated at oral argument that the property was annexed *sans* obligation. Rather, according to counsel, the obligation would be due as a condition for the approval and filing of Appellants' subdivision map.

Accordingly, there was no actual or imminent economic impact on Appellants' property and no actual or imminent injury to Appellants. Hence, there was no Article III "Case or Controversy" before the district court when it entered judgment. *Cf. Stoianoff v. Montana*, 695 F.2d 1214, 1223 (9th Cir.1983) ("The mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create a case or controversy within the meaning of Article III.").

 Because we conclude that Appellants' claims had not yet accrued, we vacate the district court's decision. Because ripeness problems are generally jurisdictional in nature, dismissal is the usual appropriate disposition. Here, however, because we recognize that subsequent developments may have rendered the case ripe for adjudication,[2] and because "ripeness is peculiarly a question of timing," *Reg'l Rail Reorganization Act Cases*, 419 U.S. at 140, 95 S.Ct. 335, we remand the case to the district court so that it may make that determination and proceed accordingly. Each party shall bear his or its own costs on appeal.

VACATED and REMANDED.

---

2. Appellants, through a request for judicial notice, intimated that the City has already annexed their property. The only document presented which could conclusively show annexation, however, is a *proposed* ordinance. We have no other document indicating whether or not Appellants' property has been annexed.